IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CRENSHAW, AIS #188466, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATON HEALTHCARE SERVICE, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACT. NO. 2:20-cv-851-ECM<br>[WO] |

**MEMORANDUM OPINION and ORDER**

Plaintiff Robert Crenshaw brought this action *pro se* against Defendants Staton Healthcare Service and Nurse Darryl Ellis ("Ellis"), asserting claims pursuant to 42 U.S.C. § 1983 and Alabama state law arising out of medical treatment he received while incarcerated at Staton Correctional Facility. On November 13, 2023, the Magistrate Judge entered a Recommendation that Ellis' motion for summary judgment (doc. 17) be granted on the Plaintiff's § 1983 claim; that the case against Staton Healthcare Service be dismissed with prejudice; and that the state law claims be dismissed without prejudice. (Doc. 39). The Plaintiff filed objections to the Recommendation. (Doc. 40). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also*

*United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record.  *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error.

    The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections.  To the extent the Plaintiff makes conclusory objections, these objections are reviewed for clear error and are due to be overruled.

    In his objections, the Plaintiff contends that if allowed an opportunity for discovery, he could prove that his initial complaint was for chest pain.  But the Magistrate Judge's Recommendation indicates that the Plaintiff went to the healthcare unit after he began experiencing chest pain and dizziness.  The Plaintiff fails to identify any error in the Recommendation's analysis or conclusions.  Accordingly, this objection is due to be overruled.

The Plaintiff also submitted an affidavit in support of his objections. (Doc. 40-1). The assertions in the affidavit either repeat the allegations in the Plaintiff's complaint or reflect the Plaintiff's disagreement with the Recommendation. For example, the Plaintiff suggests that he should have been administered an EKG before being given any medication. But as the Magistrate Judge explained, the medical care provided to a prisoner need not be "perfect, the best obtainable, or even very good" in order to comport with the Constitution. *See Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (citation omitted). The Plaintiff fails to show reversible error in the Recommendation's analysis or conclusions.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's Objections (doc. 40) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 39) is ADOPTED as modified;

3. Ellis' Answer and Special Report (doc. 17) is construed as a motion for summary judgment, the motion for summary judgment (doc. 17) is GRANTED, and the § 1983 claim against Ellis is DISMISSED with prejudice;

4. The § 1983 claim against Defendant Staton Healthcare Service is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(b)(1);

5. The Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, and the state law claims are DISMISSED without prejudice;

6. This case is DISMISSED.

A separate Final Judgment will be entered.

DONE this 11th day of January, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE